IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

SCOTTSDALE INSURANCE COMPANY, a foreign corporation.

    PLAINTIFF,

v.                                      CIVIL ACTION NO. 1:19-cv-177

JL CONTRACTING, LLC; DARAN FETTY;
SUNNY FETTY; GAVIN JONES; DWIGHT T.
STARN; BARBARA STARN; DEATRA A. FELTZ;
LYNDA K. RILEY; CAROL A. MCCAULEY; and
JASON P. MEZZANOTE,

    DEFENDANTS.

## SCOTTSDALE INSURANCE COMPANY'S
## FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

**COMES NOW** the Plaintiff, Scottsdale Insurance Company ("Scottsdale"), by and through its counsel, with its *First Amended Complaint for Declaratory Relief* and states as follows:

Scottsdale seeks a declaration by this Court that it has no obligation to defend or indemnify Defendant JL Contracting, LLC pursuant to any provision of Scottsdale Policy Number CPS2688134 (the "Policy") for claims made by Daran Fetty, Sunny Fetty, Gavin Jones, Dwight T. Starn, Barbara F. Starn, Deatra A. Feltz, Lynda K. Riley, Carol A. McCauley, and Jason P. Mezzanotte, (collectively, the "Claimants") against JL Contracting, LLC in the following pending civil actions in the Circuit Court of Marion County, West Virginia: (1) Civil Action No 19-C-92; (2) Civil Action No. 18-C-158; (3) Civil Action No. 19-C-103; (4) Civil Action No.19-C-127; and (5) Civil Action No. 19-C-160 (collectively, the "Civil Actions").

## JURISDICTION AND VENUE

1. This action is instituted pursuant to the provisions of 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57. This action is ripe for adjudication as the Claimants have demanded payments for losses associated with a potential loss event that occurred in the year 2017, at their homes located in Marion County, West Virginia.

2. An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. § 2201, and this Court is, therefore, vested with the power to declare and adjudicate the rights and other legal relationships of the parties in this action with references to the issues addressed by this Complaint.

3. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy involves a dispute between citizens of different states and, based upon the potential pecuniary impact of the claim that has been made by the Claimants under the subject Scottsdale insurance policy, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim or claims which are the subject of this dispute occurred within this district. More specifically, the properties at issue giving rise to the claims are located in Marion County, West Virginia, which lies fully within this district.

## PARTIES

5. Scottsdale is a foreign corporation organized under the laws of the State of Ohio, with its principal place of business at 8877 N Gainey Center Drive, Scottsdale Arizona, and is permitted to conduct business in the State of West Virginia through authorized surplus lines agents.

6. Defendant JL Contracting, LLC is a West Virginia limited liability company operating and doing business in Marion County, West Virginia.

7. Defendants Daran and Sunny Fetty are residents of Marion County, West Virginia and are the owners of a residential premise located at 1808 Birch Drive, Fairmont, West Virginia.

8. Defendant Gavin Jones is a resident of Marion County, West Virginia and the owner of a residential premise located at 2228 Goose Run Road, Fairmont, West Virginia.

9. Defendants Dwight T. and Barbara F. Starn are residents of Marion County, West Virginia and are the owners of a residential premise located at 503 Old Monongah Road, Fairmont, West Virginia.

10. Defendant Deatra A. Feltz is a resident of Marion County, West Virginia and the owner of a residential premise located at 1809 Birch Drive, Fairmont, West Virginia.

11. Defendant Lynda K. Riley is a resident of Marion County, West Virginia and has legal title to a lot or parcel of real estate, designated as Lot 28 containing 0.2242 acres in Cedar Park Subdivision on Old Monongah Road, Grant City District, Marion County, West Virginia as shown on Tax Map 04-13C, Parcel 126.

12. Defendants Carol A. McCauley and Jason P. Mezzanotte, grandson of Lynda K. Riley, are residents of Marion County, West Virginia and have an equitable and/or legal interest of a residential premise located at 495 Old Monongah Road, Fairmont, West Virginia.

13. This Court has personal jurisdiction over the Defendants pursuant to *Federal Rule of Civil Procedure* 4(k)(1)(A) as they reside and/or transact business in this state and district.

## THE SCOTTSDALE POLICY

14. Scottsdale issued a Commercial General Liability policy that provided coverages to JL Contracting, LLC. The effective dates of the policy were 4/11/2017 through 4/11/2018. *See,* Policy No. CPS2688134 ("the Scottsdale Policy" or "Policy"). A Certified and complete copy of the Policy was attached as "Exhibit A" to the original Complaint and its terms are incorporated as if set forth herein.

15. Subject to certain terms, limits, exclusions, definitions, and conditions within the Policy and its Declarations Page, the Scottsdale Policy in Coverage A provides insurance coverage for "bodily injury" or "property damage" as a result of an "occurrence".

16. The Policy contains certain exclusionary terms that operate to remove Scottsdale's obligation to insure loss claims under specific circumstances. Endorsement UTS301g (11-05) provides:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **EARTH OR LAND MOVEMENT EXCLUSION**
>
> **This policy does not apply to "bodily injury"/"bodily injury," "property damage"/ "property damage," "personal and advertising injury" or damages/ "damages" caused, directly or indirectly or in whole or in part, by the movement, in any direction, of earth or land, regardless of:**
>
> 1. **The cause or source of such earth or land movement;**
>
> 2. **Whether such earth or land movement arises from natural or man-made forces or causes; or**
>
> 3. **Whether such earth or land movement occurs;**
>
>    a. **Independently of;**
>
>    b. **As a result of;**

   c. **In concurrence or connection; or**

   d. **In any sequence associated**

**with any other natural or man-made forces, causes, events or operations.**

**Earth or land movement includes, but is not limited to, subsidence, settling, sinking, rising, slipping, falling away, caving in, shifting, expanding, contracting, dissolving, eroding, mudflow, sliding, tilting of land or earth, earthquakes, volcanic eruption and weather.**

**All other terms and conditions remain unchanged.**

*See,* Scottsdale Policy, Endorsement UTS301g (11-05).

Moreover, the Policy also contains the following Endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following.

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM – COVERAGE FOR OPERATIONS OF DESIGNATED CONTRACTOR**

The following exclusion is added to subsection 2. Exclusions of **SECTION I – COVERAGE.**

This insurance does not apply to "property damage" when any of the following apply:

**Continuing Or Ongoing Damage**

1. The "property damage" first occurred, began to occur or is alleged to have occurred or been in the process of occurring, to any degree, in whole or in part, prior to the inception date of this policy.

2. The "property damage" is indiscernible from other damage that is incremental, continuous or progressive damage arising from an "occurrence" which first occurred, began to occur or is

alleged to have occurred, to any degree, in whole or in part, prior to the inception date of this policy.

*See,* Scottsdale Policy, Endorsement GLS281s (9-07).

## THE UNDERLYING FACTS

### A. Fetty Allegations

17. In the Spring of 2017, the Fetty's entered into a contract with JL Contracting and/or James Layman for the construction of an addition at their residential premises located at 1808 Birch Drive, Fairmont, West Virginia.

18. In conjunction with the construction of the addition to their home, JL Contracting and/or Layman and/or subcontractor(s) performed certain excavation work which removed an existing retaining wall, cut into the slope behind the retaining wall, and constructed a new retaining wall along the rear of the residential premises.

19. JL Contracting and/or Layman obtained a building permit for the work at the Fetty's residential premises on May 4, 2017, and on May 9, 2017 began the excavation work and construction of the subject retaining wall which was completed by August of 2017.

20. As part of their work on the Fetty's residential premises, JL Contracting and/or Layman retained the services of William Beatty and/or Steven R. Beatty d/b/a Beatty Construction as subcontractors to perform work in connection with the excavation and construction of the subject retaining wall.

21. Beginning in July of 2017, the Fettys began noticing that gravel near the retaining wall was sinking.

22. By September of 2017, the retaining wall had begun to noticeably lean toward the Plaintiffs' residence and continued to deteriorate over the next four months.

23. On or about February 11, 2018, the retaining wall collapsed.

24. In addition to the collapsing retaining wall, earth movement on the slope behind the Fetty's residence became noticeable and began to affect neighboring properties.

25. The Fettys allege that following heavy rains in the Spring of 2018, continued noticeable movement in the slope occurred and a more substantial slip developed uphill from the wall.

26. Since February 11, 2018, the slope behind the Fetty's residence has allegedly continued to move closer to their home and the Fettys fear for the safety of their family if they continue to live in their residence. In addition, the earth movement has allegedly affected the neighboring properties and sewer lines, causing displaced sewer lines, earthen cracks, damage to the pool and pool deck on one neighboring property, and other property damage to the properties owned by the Fettys and their neighbors, which is continuing to worsen over time.

27. In conjunction with the physical damage to neighboring properties, the owners of three of the neighboring properties have asserted claims against the Fettys, seeking compensation for said damages and the repair of the problem to prevent further slippage of the slope.

28. Since the problems with the slope behind the Fetty's residence began, the Fettys and the neighboring property owners have consulted with geotechnical engineers who have determined that the subject earth movement and property damage was the result of improper and defective excavation work by JL Contracting and the improper and defective installation of the subject retaining wall behind the Fetty's residence.

29. Due to the ongoing earth movement behind their residence, the Fettys allege that they have been deprived of the use and enjoyment of their property and the value and integrity of their home has been threatened.

**B.    Jones Allegations**

30. On or about April 14, 2017, Jones entered into a contract whereby JL Contracting agreed to serve as the general contractor in the construction of a new house located at 2228 Goose Run Road, Fairmont, West Virginia.

31. JL Contracting provided services as the general contractor for the construction of the new house.

32. JL Contracting was allegedly on site every day during the excavation to provide supervision and insight.

33. Jones alleges that after the foundation was dug for the home, JL Contracting negligently allowed it to collapse, which also caused a subsequent landslide and back hillside damage to the property.

**C.    Starn Allegations**

34. The Starns owns a residence and real property located at 503 Old Monongah Road, Fairmont, West Virginia. The Starns' property is one of several tracts that are adjacent to the Fetty's property located at 1808 Birch Drive, Fairmont, West Virginia.

35. The Starns allege that they have a right to the lateral, adjacent, and subjacent support of their real property located at 503 Old Monongah Road, Fairmont, West Virginia.

36. The Starns further allege that as a result of the removal of the existing retaining wall, cutting into the slope behind the retaining wall, and construction of a new retaining wall at the rear of the Fetty's real property located at 1808 Birch Drive, Fairmont, West Virginia, the lateral, adjacent, and/or subjacent support of the Starn's real property located at 503 Old Monongah Road, Fairmont, West Virginia was removed by JL Contracting and other parties.

37.     As a result of the foregoing, the Starns assert that their real property has begun to substantially slip, move, crack and fall, causing damage to said real property.

### D.     Feltz Allegations

38.     Feltz owns a residence and real property located at 1809 Birch Drive, Fairmont, West Virginia. The Feltz's property is one of several tracts that are adjacent to the Fetty's property located at 1808 Birch Drive, Fairmont, West Virginia.

39.     Feltz alleges that the new retaining wall constructed on the Fetty's property began to shift and fail in late 2017.

40.     Feltz further alleges that in March or April 2018, she discovered the first of several abnormal changes in the structure of her home that did not exist prior to the slippage of the hillside behind the Fetty's home, including a tilting of her front porch columns and upheaval of the concrete walkway to her front door. She alleges that additional changes have been observed since the initial discovery including bowing of the basement wall, a number of doors that no longer close properly and are not square, and cracks in the inside walls.

### E.     Riley, McCauley and Mezzanotte Allegations

41.     Riley, McCauley and Mezzanotte own real estate that is situate in such a manner that slopes down sharply to adjoin at the rear of the Fetty's property at the toe of the slope.

42.     Riley, McCauley and Mezzanotte allege that the new retaining wall constructed on the Fetty's property failed and collapsed in February 2018.

43.     Riley, McCauley and Mezzanotte further allege they have suffered substantial damages to their property including but not limited to breaking away and sliding of huge portions of their hillside, erosion of land, cracks, loss of use and permanent damage to their swimming pool and fencing, destruction of trees, bushes, flowers and other flora, instability and movement of the

hillside, alternation of the natural drainage and changes in the topography of the soil, the cost to stabilize and restore the land to its original condition and annoyance, inconvenience and permanent loss of use and value of their property.

## COUNT I

44.   Scottsdale incorporates the allegations of paragraphs 1 through 43 above as if they were set forth fully herein.

45.   Scottsdale avers that the Policy does not provide coverage to the Claimants for all or part of the claims that they have made pursuant to the facts and circumstances alleged in the paragraphs above, as the damage to the home, structures and property was caused by an earth movement as defined by the Policy, which earth movement was a pre-eminent or proximate efficient cause of the losses.

46.   Scottsdale further avers that the Policy does not provide coverage to the Claimants for all or part of the property damage claims that they have made pursuant to the facts and circumstances alleged in paragraphs above because they are continuing or ongoing as a result of the earth movements.

WHEREFORE, Scottsdale Insurance Company, by counsel, respectfully prays for the following relief:

A.   That this Court issue an Order declaring that the Scottsdale Policy does not provide coverage for the Claimants' damages that were proximately caused by the ongoing earth movement that also threatens to damage other properties, all of which is encompassed by the earth movement exclusion.

B.  That this Court issue an Order declaring that the Scottsdale Policy does not provide coverage for the Claimants' damages that are continuing or ongoing as a result of the earth movements, all of which is encompassed by the continuing or ongoing exclusion.

C.  That this Court grant such other legal or equitable relief as it deems appropriate, just or proper, under the circumstances.

**SCOTTSDALE INSURANCE COMPANY**

**By Counsel:**

/s/ Ftemkos J. Yianne
Thomas P. Mannion (WVSB# 6994)
Ftemkos J. Yianne (WVSB# 8623)
Lewis Brisbois Bisgaard & Smith LLP
222 Capitol Street, 5th Floor
Charleston, WV 25301
304-553-0161 phone
304-932-0265 facsimile